## HORATIO N. GREENE ET AL.
### v.
### NETTIE HAGUE.

1. LANDLORD AND TENANT.—In the absence of an express covenant to repair, a landlord is not liable to his tenant for damages resulting from the negligence of another tenant in allowing the water pipes to freeze, thereby flooding the occupants of the rooms below him.

2. TEMPORARY OBSTRUCTION IN WATER PIPE.—A landlord is not liable to his tenant for damages resulting from the temporary obstruction of a waste pipe, which obstruction was removed as soon as the landlord had knowledge of it.

3. GENERAL RULE.—Where a tenant takes a lease or assignment of a lease, with the usual covenant that he has received the premises in good condition, and knowing that the upper portions of the building will be occupied by other tenants, he will be held to take subject to the risks incident to such occupation, and the landlord will not be liable for damages resulting to one tenant from the acts of another, unless he has done some act, by himself or agents, or omitted some duty which by law he was required to perform.

4. OWNER NOT LIABLE.—The owner of property is not liable for injuries resulting from its improper use by strangers acting without his knowledge or authority.

Greene v. Hague.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed May 9, 1882.

This was a case brought by appellee against appellants, to recover for injuries resulting from the alleged negligence of appellants in respect to the plumbing, in a store on West Madison street, in the city of Chicago, occupied by appellee as tenant of appellants. The facts sufficiently appear in the opinion of the court.

There was a jury trial, resulting in a verdict for the plaintiff for $400, for which amount she had judgment.

The defendants bring the case to this court by appeal.

Messrs. PADDOCK & IDE for appellants; that there is no implied covenant in law requiring landlords to put or keep their premises in repair, cited Mendel v. Fink, 8 Bradwell, 380 ; Burnham v. Martin, 90 Ill. 438; Clevis v. Willoughby, 7 Hill, 83; Taylor's Land. & Ten. § 381.

Bad smells on the premises do not constitute an eviction or defeat the landlord's claim for rent : Burnham v. Martin, 90 Ill. 438; Vanderbilt v. Perse, 3 E. D. Smith, 428.

The assignee of a leasehold estate takes it with notice of all the provisions of the lease, and will be held to have assented to them; Webster v. Nicholls, 14 Chicago Legal News, 26 ; Babcock v. Scoville, 56 Ill. 461; Conger v. C. & R. I. R. R. Co. 15 Ill. 367; Taylor's Land. & Ten. § 437.

Even the landlord's promise to pay for repairs, not based upon some new consideration proceeding from the tenant, is not binding: Walker v. Gilbert, 2 Robt. 214; Post v. Vettier, 2 E. D. Smith, 248.

The tenant below took subject to the ordinary risks of the rest of the house as it stood: Wood on Nuisances, § 125; Ross v. Fedden, 7 Q. B. 661.

Messrs. ELLIS & SNELL, for appellee; in support of the question of liability of the landlord, cited Todd v. Flight, 9 C. B. 377; Rex v. Pedley, 1 A. & E. 822; House v. Metcalf, 27 Conn. 631; Swords v. Edgar, 59 N. Y. 28; Redman v. Conway, 126 Mass. 375; Shipley v. Fifty Associates, 101 Mass.

251; Looney v. McLean, 129 Mass. 33; Priest v. Nichols, 116 Mass. 401; Baylston v. Market Asso'n, 14 Gray, 249; Inhabitants, etc. v. Holbrook, 9 Allen, 17; Glickauf v. Maurer, 75 Ill. 289; Stephani v. Brown, 40 Ill. 428; Gridley v. Bloomington, 68 Ill. 47; Reichenbacker v. Pahmeyer, 8 Bradwell, 217; Bell v. Josslin, 3 Gray, 311.

WILSON, P. J. Grouping the several counts in the plaintiff's declaration together, the substantial grounds of complaint are, first, that the defendants neglected to use due care in the management and use of the water closets, basins and pipes, so that the soil and filthy water escaped therefrom and ran into the plaintiff's store, causing damage to her goods; second, that defendants allowed the water closet and overflow basin to get out of repair, and they used them in a careless manner, by reason whereof the water from the closet escaped, and ran into the store, causing damage; third, that the defendants carelessly and negligently suffered the water closet and basin to overflow, and carelessly allowed the water and soil to enter the store; and fourthly, that the defendants allowed the premises to become in bad repair, the sinks and pipes to leak, the water closet to become foul and choked up, the overflow basin to become leaky, the drain and soil pipes to become out of repair, so that noxious air and gases escaped therefrom; that while the same were so out of repair, defendants procured persons to rent and occupy rooms over plaintiff's store, and by reason of such occupancy and use, and the bad condition of the premises, sewer, water pipes, closets and basins, filthy water escaped therefrom and ran into the plaintiff's store, causing damage.

From a careful reading of the bill of exceptions, we are forced to the conclusion that the allegations of the declaration are not sustained by the evidence.

The lease under which appellee occupied the store contained a covenant by the lessees, and the evidence satisfactorily shows, that they received the premises in good condition and repair as respects the water and sewer pipes and water closet; and they also covenanted to surrender the premises in like good condition at the expiration of the term for which they were leased. There was no covenant by the landlord to make repairs; these

were to be made by the tenant. The plaintiff took an assignment of the lease from the original lessees to herself, and by her written acceptance of the same indorsed thereon, assented to and expressly agreed to be bound by all the provisions of the lease. By thus accepting the assignment, and entering under the lease, she agreed with the landlord that she would keep the premises in repair, and that the water pipes, etc. should be at her own risk. She was informed by the description in the lease, if not from personal observation, that the store was part of a four-story and basement building, furnished with a system of water and sewer pipes; and she must be held to have taken the premises subject to the risks incident to such a building thus equipped. Unless, therefore, the landlord is shown to have done some act, by himself or his agents, or to have omitted some duty which by law he was required to perform, resulting in the injury complained of, appellee was not entitled to recover.

It appears from the evidence that the upper stories of the building were divided into rooms, which were leased to different tenants, who had the sole and exclusive possession of the rooms by them respectively occupied. The halls, stairways and water closets, were for the common use of the tenants of the building, and were in charge of a janitor employed by appellants, but who had nothing to do with any rooms occupied by tenants.

The most considerable item of damage to appellee's goods was occasioned by the bursting of a water pipe from freezing, in a room on the third floor, the water finding its way down to appellee's store. It appears that this room was occupied by one Burnell, a tenant of appellants, who had sole possession of the room, but who was occasionally absent, and when absent took the key of the room with him. It seems probable from the evidence, that the freezing of the pipe was caused by his omission to turn the faucet in his room, so as to allow the water to escape from the pipe when the janitor shut off the water from the building at night. Burnell had been absent some days immediately preceding the day of the accident, having returned only the night before, but there is no evidence that the janitor was aware of such absence. Under these cir-

cumstances it can not be said that the janitor was guilty of negligence in turning on the water without first ascertaining the condition of the pipes in a room to which he had no access. If, by the neglect of Burnell in not guarding against the freezing in his room, damages resulted to appellee, he, and not appellant is liable therefor. It was a risk, which, as between the landlord and tenant, the landlord is not responsible for. Mendell v. Fink, 8 Bradwell, 382; Shear. and Red. on Neg. § 501, and notes.

In respect to the damage caused by the overflow in the water closet, it is sufficient to say that, conceding it to have been the duty of the landlord to keep it in good condition and reasonably fit for use, we fail to find any evidence showing a violation of such duty. The evidence abundantly shows that the overflow was accidental—caused by a temporary obstruction in the trap or waste-pipe, and not by any want of repair or improper construction of the apparatus. The testimony of the architect and plumbers is to the effect that the closet was of the most approved kind in use, nearly new, and in good repair. The janitor tried it shortly before the overflow, when it worked perfectly, and immediately after the overflow, upon his removing the obstruction, it worked as well as before. The obstruction was promptly removed as soon as it came to his knowledge. For damages thus occasioned the landlord is not responsible. Mendell v. Fink, *supra*. The owner of property is not liable for injuries resulting from its improper use by strangers, acting without his knowledge or authority.

It is unnecessary to consider other grounds urged for a reversal of this judgment. Viewed in any aspect of the case, we do not think the verdict and judgment have any sufficient support in the evidence. Our views in relation to the respective rights and liabilities of landlords and tenants, so far as they are applicable to the facts of the present case, are expressed in Mendell v. Fink, and need not be here repeated. The instructions asked were very voluminous, and we shall not undertake to review them.

The judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.