## J. B. Sanborn Co. v. Marquette Building Co., Owen F. Aldis, Central Chicago Building Co. and Charles and Jeannette Schonlau.

1. TENANT—*Recovery for an Unwarranted Interference with his Possession.*—An action will lie for an unwarranted interference with the possession and enjoyment of a leasehold estate.

Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed February 5, 1900.

Statement.—This is a suit brought by appellant against appellees to recover damages for an alleged interference

with appellant's enjoyment of premises demised to it. By written lease of May 11, 1889, the Central Chicago Building Company, one of appellees, leased to appellant room 41, situated on the fifth floor of the Honore block, Chicago, to be used for office purposes, and for no other purpose, from May 15, 1889, to April 30, 1893. At the time this lease was made, and for many years prior thereto, the Honore block was kept and operated as an office building, and was occupied by lawyers, real estate men and others for office purposes. The plaintiff is a mercantile and collecting agency. In the latter part of 1899 the defendant, the Marquette Building Company, became owner of the building and continued to be owner down to and including the time of the occurrences complained of in the declaration. The building was used as an office building from the time appellant's lease was made until about May 1, 1892. By a written lease, dated April 23, 1892, between the Marquette Building Company, lessor, and Charles and Jeannette Schonlau, lessees, the Marquette Company leased the entire building to the Schonlaus, to be occupied for ordinary business purposes and for a first-class hotel, and for no other purpose, from May 1, 1892, to May 1, 1893, and for a first-class hotel, and for no other purpose, from May 1, 1893, to October 31, 1893. Said lessees were authorized to make such reasonable alterations as should be necessary to prepare the building for use as a hotel or lodging house; but no changes were to be made unless approved in writing by Aldis, Aldis & Northcote. This lease was made subject to thirty-five enumerated leases, among them the lease to appellant. The Schonlaus were to receive the rents accruing on these thirty-five leases. This lease was signed by the Marquette Building Company, by Owen F. Aldis, its president.

Pursuant to this lease the Schonlaus took possession of the building, and shortly after May 1, 1892, began to make alterations to fit up the building for hotel purposes. The alterations continued during the months of May, June and July, and were completed about August 1, 1892, under the direction of the Schonlaus. The main entrance on Dear-

born street was changed into a hotel office. It took about thirty days to make the change, during which time that entrance was obstructed part of the time by scaffolding, piles of lumber and plaster, so that access through it was difficult, and for a portion of the time it was impossible to get through this hall. The elevator at the main entrance was closed part of the time. The bulletin board, containing a list of tenants, was taken down. There was a side entrance on Adams street, where there was an elevator used for both freight and passengers. During the alterations this elevator was run only a part of the time. When it was not busy with freight it carried passengers, but when the building was being turned into a hotel, this elevator was busy with freight. Part of the time the Adams street entrance was obstructed. When the alterations were completed this entrance was used as a ladies' entrance to the hotel.

At the time the hotel was being furnished the halls were obstructed by furniture. On one or two occasions this furniture was piled up against appellant's office door, so as to entirely close it.

In August, 1892, the hotel was opened for business, and on September 21, 1892, appellant moved out of the building.

Appellant presented evidence tending to show loss and injury by reason of the changes in the building and the obstruction of the halls and entrances. It claimed, among other items, loss occasioned by expense for new stationery after moving into new offices, the difference in rent which it was obliged to pay for the new offices, and a general loss of profits in its business.

The issues were tried with a jury, and at the close of the evidence for the plaintiff, appellant here, the court peremptorily directed a verdict for appellees. From judgment upon that verdict this appeal is prosecuted.

CHARLES P. ABBEY, attorney for appellant.

BENTLEY & BURLING, attorneys for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

This suit was brought in an action on the case. The fourth ground urged for granting a new trial below, and the fourth assignment of error here, present the same objection, viz., that the court erred in directing a verdict for defendants, appellees Charles and Jeannette Schonlau. We are of opinion that the contention of appellant in this regard must be sustained.

The question of whether the interferences with the possession of appellant amounted to an eviction, is not necessarily here involved. The directing of a verdict for appellees raises the broader question of whether there has been such an interference as would constitute ground of action against any of the appellees, whether it amounted to an eviction or not. The action, so far as it can be sustained, is not based upon any breach of covenants of the lease, or upon any contractual ground whatever, but upon an unwarranted interference with the possession of appellant. Inasmuch as the evidence fails to disclose any act upon the part of the Central Chicago Building Company, the Marquette Building Company, or Owen F. Aldis, which could be construed as an interference with the possession of appellant, and as no action upon contractual obligation is here involved, the ruling of the court, in directing a verdict of not guilty as to these appellees, was proper. But while the court was warranted in thus directing a verdict for the three appellees named, it was error to direct a like verdict for appellees Charles and Jeannette Schonlau, for the evidence shows that they did cause the acts to be done by which the appellant claims to have been injured. Nor does the right to a recovery depend alone upon the right of the Schonlaus to make alterations in the building or to change it in part into a hotel. Although the contract of leasing, to which the Schonlaus became party, imposed no limitation upon the lessors by which they were precluded from using a part of the premises for a hotel, and making such changes as were incident thereto and necessary, yet a recov-

ery might be had for any wrongful invasion or interference with appellant's rights in the premises, done in the course of reconstruction of the building. That an action will lie for such unwarranted interference with the possession and enjoyment of a leasehold is well settled. Chapman v. Kirby, 49 Ill. 211; Glickauf v. Maurer, 75 Ill. 289.

The trial court should have submitted to the jury the question of injury to appellant through such acts, if any, of appellees Schonlau.

It is urged by appellant that there is as well a right of recovery against the other appellees. This contention is not tenable. There is no evidence to show that the work of reconstruction was participated in, or the method of accomplishing it authorized, affirmed or ratified by any of the other appellees.

The permission given to the Schonlaus, by the contract of the Marquette Building Company, to alter the building into a hotel, was made expressly subject to the thirty-five leases of tenants, including appellant. There is no evidence to show that this company or Aldis ever approved in writing of the plans of reconstruction, or had any knowledge or notice of the acts by which the reconstruction was accomplished.

We do not regard the cases cited by counsel for appellant in this behalf as being in point. They are decisions in cases where it was either sought to defend in actions for rent or to recover damages for breach of a covenant of the lease; in each case the defense or the action being based upon the contract.

The language of this court in Mendel v. Fink, 8 Ill. App. 378, Mr. Presiding Justice McAllister speaking, is applicable to the case under consideration:

"A liability upon contract, express or implied, being excluded from the consideration of the case, then the question arises, what circumstances should be shown in order to fix the landlord with responsibility for the damages in question? * * * If, however, they (the premises) were not under his management, or that of his servants, but were under the management of a tenant or tenants, and the latter made

negligent use of them, the landlord would not be responsible. The basis of a liability in the absence of a contract must, therefore, be laid in some act of malfeasance on the part of the landlord, or negligence in him or his servants, resulting in the injury." Greene v. Hague, 10 Ill. App. 598.

We are of the opinion that in directing a verdict of not guilty as to appellees Central Chicago Building Company, Marquette Building Company and Owen F. Aldis, the ruling of the trial court was proper, and that in the directing of a like verdict as to appellees Charles Schonlau and Jeannette Schonlau there was error. Therefore the judgment is reversed and the cause remanded. Appellant will recover its costs in this court against appellees Charles Schonlau and Jeannette Schonlau. Reversed and remanded.