### Charles Carpenter v. Lizzie Stone.
#### Gen. No. 10,913.

1. LANDLORD—*duty of, to repair.* There is no implied contract upon the part of a landlord that leased premises are tenantable or that they will continue so during the term, and in the absence of an agreement by the landlord to keep the same in repair, he is not bound to do so.

2. LANDLORD—*when, not liable for personal injuries.* A landlord is not liable for personal injuries resulting to an occupant from a defect in the demised premises where the evidence shows no agreement on the part of the landlord to keep the premises in repair.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed February 13, 1904.

JOHN E. DALTON, for appellant; JOHN S. STEVENS, of counsel.

BENSON LANDON, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action in which appellee sued to recover for personal injuries alleged to have been received by the

breaking of a step forming part of a back stairway leading from premises occupied by appellee and her family, under a verbal lease from appellant.

The original declaration alleged that the defendant had agreed to and with " Arthur J. Stone (who was the husband of the plaintiff) that he, the said defendant, would repair the said stairway." It is claimed by appellee's attorneys that the plaintiff testified on the trial the agreement to repair was made at the time of renting, and upon the strength of this alleged testimony, it is claimed that the trial court properly permitted appellee to amend her declaration after verdict, with an averment that at the time of the renting " and in consideration thereof Charles Carpenter then and there agreed to and with the said Arthur J. Stone that he, the said defendant, would repair the said stairway."

It is urged in behalf of appellant that the original declaration stated no cause of action, failing to show when the alleged promise to repair was made or any consideration therefor, and that no such promise having been proven on the trial, the court erred in refusing as requested to direct a verdict in favor of appellant; and further erred in allowing the amendment after verdict. Appellant's testimony as to what occurred at the time the verbal letting occurred is as follows: " My husband couldn't go, and I went up, and Carpenter said he had been so busy he hadn't gone over, but would walk over then. We went over 567 Fulton street and went up and looked at the flat. We looked at the rooms first and he said they were in bad condition and that he would have the rooms papered. I showed him the shutters, they were loose and hanging, and I told him the water closet floor was rotten and the door off. He said he would send his carpenter up and have everything fixed up in good shape." This is all the evidence in behalf of plaintiff in regard to the alleged agreement to repair. Appellee says she never had any other talks with appellant about repairs. It is evident that the agreement thus stated was to make the specific repairs re-

Carpenter v. Stone.

ferred to, and this was done. Appellant's attention was
not called to the stairway, where, by the breaking of a
step nearly six months afterwards, appellee received the in-
juries complained of. There is no evidence that his atten-
tion was ever called to the defect which caused the injury,
or that he knew of its existence. Appellee testifies that
she "had not noticed anything the matter with the steps,
had not myself complained to Carpenter about them." Her
husband states that "the board was broken about the cen-
ter; the top part looked all right, but it was a very rotten
board. After it was broken we could see plainly the whole
under side was rotten." This witness testifies that "the
steps were a little ricketty, shaky," and that about a week
before the accident, meeting the agent who collected the
rent he told the agent "the back stairs were shaky and
needed repairing," not pointing out any particular defect;
that leaving out the shakiness, "the boards looked all right."
We find therefore no evidence fairly tending to prove the
averment of the declaration as amended after verdict, that
at the time and in consideration of the renting, appellant
agreed that he "would repair the said stairway;" and in the
absence of such evidence the proof entirely fails to support
the averments of the declaration either before amendment
or afterward. There is no implied contract on the part of
a landlord that leased premises are tenantable or that they
will continue so during the term. Blake v. Ranous, 25 Ill.
App. 486–490. In the absence of an agreement by the land-
lord to keep leased premises in repair he is not bound to do
so. Quinn v. Crove, 88 Ill. App. 191–193. The law appli-
cable is thus stated in Sunasack v. Morey, 196 Ill. 569, 571:
"It is well settled that the rule *caveat emptor* applies to a
contract of letting, and the landlord is not bound to make
repairs unless he has assumed such duty by express agree-
ment with the tenant. The tenant takes the premises as he
finds them, subject to his own risk, and there is no implied
covenant on the part of the landlord that they are fit for
habitation or fit for the purposes for which they are rented,
or that they are in any particular condition. The landlord

is, therefore, not liable for damages resulting to the tenant by reason of the demised premises being out of repair, unless he has expressly bound himself to make repairs by the terms of his contract to let." In the case before us there is no evidence that the defect in the board was known to the landlord or suspected by any one.

Inasmuch as the evidence shows no agreement by the landlord to repair the stairway or keep the premises in repair he is not liable for damages sustained because of his alleged failure to do so. There are other grounds of defense to the action suggested in the briefs, but we need not consider them.

The judgment of the Circuit Court must be reversed.

*Reversed.*