### Sallie A. Cromwell, Appellee, v. G. F. Allen, Appellant.

1. Landlord and tenant—*obligations to repair.* The relation of landlord and tenant creates no obligation or duty on the landlord to make repairs unless he has assumed such duty by express agreement with the tenant. In the absence of special agreement the tenant takes the premises as he finds them subject to his own risk, and there is no implied covenant that they are fit for habitation, or that they are in any particular condition of repair.

2. Landlord and tenant—*what essential to liability of former for personal injuries.* There can be no liability by the landlord to his tenant for personal injuries received in consequence of a breach of contract by the landlord to make repairs unless such contract to repair amounts to a covenant to keep the premises reasonably safe or unless the contract was made under such circumstances as plainly indicated that such damages were contemplated by the parties at the time of making the contract, or unless there is some duty resting on the landlord to make the repairs not arising from the contract.

Action in case. Appeal from the Circuit Court of Randolph county; the Hon. R. D. W. Holder, Judge, presiding. Heard in this court at the February term, 1909. Reversed. Opinion filed November 13, 1909.

A. E. Crisler and H. C. Horner, for appellant.

Ralph E. Sprigg and J. Fred Gilster, for appellee.

Mr. Justice Duncan delivered the opinion of the court.

Appellee sued appellant in case to recover damages for personal injuries sustained, July 18, 1908. A trial before the Circuit Court and a jury resulted in a ver-

dict and judgment of $1200, from which appellant has appealed to this court.

The evidence in this record is in substance, that appellee, about February, 1907, rented from appellant a store building in Sparta, Illinois, to be used by her as a millinery store. Before she took possession of the building, certain alterations and specific repairs were agreed on and made by appellant. Appellee claims, and introduced evidence to prove, that appellant agreed to make repairs of the building generally as needed during the term of the lease, as a part of his original contract of leasing. This is denied by appellant's evidence. There is a little platform, four feet by eight feet and four feet from the ground, onto which the rear door of the building opens. There are steps leading from the platform to the ground. In June, 1908, one of these steps broke under appellee's weight; and, in consequence thereof, she fell sustaining no injury. Appellee notified the agent of the appellant of the condition of the steps; and, also of the fact that the platform had moved several inches from the building and that it was "rickety." A carpenter at the instance of the agent of the appellant, secured the platform against the wall of the building and put up a new pair of steps. On the day of her injury, appellee again went out on this platform while in the discharge of her usual chores and fell through one of the boards of the platform, and sustained the injuries for which she has sued. She alleges that her fall was caused by one of the boards of the platform being worm-eaten or rotten and thereby breaking under her weight. The evidence discloses no actual knowledge of the agent or of the carpenter of the appellant, of any rotten or defective condition of the plank that broke with appellee. Neither appellant nor appellee is shown to have known of such defect in the platform before her injury. The contract of leasing was an oral contract by which appellee was to pay as rental fifteen dollars per month. The grounds upon which the appellee seeks

to recover is the alleged negligence of the defendant in failing to keep the said premises in repair according to his contract of leasing, etc.

Appellant contends (1) that an action in tort cannot be maintained by the appellee for her alleged injury by reason of the defendant's failure to perform his alleged contract to repair; and that, therefore, the declaration states no cause of action; (2) that the evidence in this record is not sufficient for the appellee to maintain an action in any form for her alleged injuries; (3) that the court erred in refusing to give certain instructions for the appellant; and, also, in giving certain others for the appellee.

First. The cases are numerous and very confusing as to the dividing line between actions on contract and in tort, and there are many cases where one may have his election to bring either action. Where the cause of action arises merely from a breach of promise, the action is in contract. There must as a general rule be some breach of duty distinct from breach of contract to support tort. Bishop in his work on Non-contract Law, section 4, says: "The word tort means nearly the same thing as the expression, 'civil wrong.' It denotes an injury inflicted otherwise than by mere breach of contract; or, to be more nicely accurate, a tort is one's disturbance of another in rights which the law has created either in the absence of contract, or in consequence of a relation which a contract had established between the parties." An examination of the authorities will abundantly show that the relation of landlord and tenant creates no obligation or duty on the landlord to make repairs unless he has assumed such duty by express agreement with the tenant. In the absence of special agreement the tenant takes the premises as he finds them subject to his own risk, and there is no implied covenant that they are fit for habitation, or that they are in any particular condition of repair. Sunasack v. Morey, 196 Ill. 569; West. Chic. M. Ass'n v. Cohn, 192 Ill. 210; Borggard v. Gale, 107

Ill. App. 128, and 205 Ill. 511; Carpenter v. Stone, 112 Ill. App. 155; Gridley v. City of B., 68 Ill. 47.

Jones in his work on Landlord and Tenant, section 592, says: "The landlord's responsibility for damages caused by his failure to perform his contract to repair rests altogether upon his breach of contract. It may be stated as a general rule that a landlord who has covenanted to repair, is not liable in tort for personal injuries resulting from the want of repair. Such injuries are too remote to be recovered as damages for breach of contract and the duties arising from the relation of landlord and tenant are not increased by such a contract in respect to the duty of the landlord to provide for the personal safety of the tenant. On principle, the landlord, who has contracted to make repairs that he is not otherwise under obligation to make, should be held to exactly the same liability that a stranger-contractor would incur. Damages for personal injuries resulting from the mere breach of such a contract must be deemed to be too remote and not within the contemplation of the parties at the time the contract was made." Continuing in the same section he says: "Where injuries under such circumstances were admittedly too remote to be recovered in an action of contract, it was claimed they could be recovered in an action of tort. But to permit a recovery for such damages, based on contract simply because it is in the form of an action of tort, would be making a distinction that could not be justified by reason or authority. There must be something more than a mere failure on the part of the landlord to make the repairs he has agreed to make. It makes no difference whether the form of the action is *ex delicto* or *ex contractu,* the real and substantial *gravamen* of the complaint is the alleged breach of contract, and in such a case the same law is applicable to both classes of action. A landlord, under contract to repair, may, under some circumstances, be liable for damages for personal injuries by reason of a negligent failure to make repairs; but

in such case his negligence must be firmly established as a basis for the liability," citing Thompson v. Clemens, 96 Md. 196. See also Dustin v. Curtis, 11 L. R. A. 504 (N. S.); Miles v. Janvrin, 13 L. R. A. 380 (N. S.); Sutherland on Damages, vol. 3, sec. 874. What special circumstances would render the landlord liable to his tenant for personal injuries received in consequence of a breach of a contract to make repairs is not stated by Mr. Jones. On principle we would say, that there can be no such liability unless the covenant to repair amounts to a covenant to keep the premises reasonably safe; or unless the contract was made under such circumstances as plainly indicated that such damages were contemplated by the parties at the time of making the contract; or unless there is some duty resting on the landlord to make the repairs not arising from the contract. The weight of the authorities is decidedly against such a recovery, except under such special circumstances above named; and the ordinary covenant to keep the premises in repair, is generally held to mean that the covenantor is to make such repairs on notice and that he is not in default until so notified, unless the lease shows an intention that he shall take notice from his own observation. This intention will not be implied where the lease does not give him the right to enter and view the premises. The rule is that notice to perform is necessary whenever the fact on the occurrence of which the right to claim performance depends, lies more peculiarly within the knowledge of the party claiming such right. Sutherland on Damages, vol. 3, sec. 873; Wood on Landlord and Tenant, sec. 380; Jones on Landlord and Tenant, sec. 593.

In case a landlord fails to make repairs in violation of his covenant the tenant may (1) abandon the premises if they become untenantable by reason of want of repair; (2) he may make the repairs himself and deduct the cost from the rent; (3) he may occupy the premises without repair and recoup his dam-

ages in an action for rent; (4) he may sue for damages for breach of the covenant to repair, and the damage recoverable in this last instance is usually the difference between the value of the premises in repair and out of repair. Jones on Landlord and Tenant, sec. 410; Wood on Landlord and Tenant, sec. 380; Sutherland on Damages, vol. 3, secs. 872 and 873; Sedgwick on Measure of Damages, side page 198; McFarlane v. Pierson, 21 Ill. App. 566; Wright v. Lattin, 38 Ill. 293. The foregoing states the law as it is applied to ordinary breaches of the landlord's covenant to repair generally; and, as thus stated, it must be admitted to be about what the ordinary landlord and tenant would expect to find it. Anything in the way of damages differing from those above stated and of the nature of consequential damages, while we may find cases where they are proper, must be stated as beyond the ordinary and are to be accounted for only by reason of some special feature or circumstance not usual in such contracts. Damages are not the primary purpose of contracts, but are given by law in place of and as a compensation and equivalent for something else which had been agreed to be done and has not been done. "Actions at law are usually brought to recover compensation for the wrong complained of. The law which is denominated the law of damages is principally that which defines, measures and awards compensation. Such damages as are not compensatory are either nominal or exceptional. The universal and cardinal principle is that the person injured shall receive a compensation commensurate with his loss or injury, and no more; and it is a right of the person who is bound to pay this compensation not to be compelled to pay more, except costs." Sutherland on Damages, vol. 1, sec. 12. "An important distinction is to be noticed between the extent of responsibility for a tort and that for breach of contract. The wrong doer is answerable for all the injurious consequences of his tortious act which, according to the usual course of events and general ex-

perience, were likely to ensue and which, therefore, when the act was committed, he may reasonably be supposed to have foreseen and anticipated. But for breaches of contracts the parties are not chargeable with damages on this principle. Whatever foresight, at the time of the breach, the defaulting party may have of the probable consequences he is not generally held for that reason to any greater responsibility; he is liable only for the direct consequences of the breach, such as usually occur from the infraction of like contracts, and were within the contemplation of the parties when the contract was entered into as likely to result from its non-performance." Sutherland on Damages, vol. 1, sec. 45.

Second. Tested by the foregoing principles it is very evident that the case now before us has been tried altogether upon an erroneous idea of the law. Instruction No. 3 given for appellee, and which appellant insists is not the law, reveals the whole theory of appellee's case, as it is based on her declaration. It is as follows:

"If you believe, from the greater weight of the evidence, that the defendant or his agent promised the plaintiff to keep the premises in question in repair as alleged in the declaration, then it became the duty of the defendant to keep said premises in repair so long as tenancy existed; and if you further believe, from the greater weight of the evidence, that the defendant neglected to keep said premises in repair, and that the porch became defective as alleged in the declaration, and that the defendant knew or by use of reasonable care should have known of the defective condition of said porch, and that the plaintiff did not know of such defect and was injured as alleged in her declaration by reason of such defective condition while in the exercise of ordinary care for her safety, then you must find the defendant guilty."

The court also refused an instruction for the defendant charging that, "if you further believe from the evidence that the plaintiff knew of the defective condi-

tion of the porch floor complained of, or that she, by the exercise of ordinary care could have known it, then your verdict should be for the defendant." The theory upon which this case was tried in the lower court is evidently based upon some expressions found in two cases cited by appellant, to wit: Sontag v. O'Hare, 73 Ill. App. 432, and Schwandt v. Metzger Linseed Oil Co., 93 Ill. App. 365. The Sontag case seems to have been contested and decided on a question of evidence. In that case there probably was a clear right of action upon the principle that where a portion of the premises, as a stairway, hall or porch, is retained under control of the landlord by contract or by implication of law, and other specified portions of the premises are rented to different tenants, and the landlord neglects to repair the portions so retained by him, and injury thereby results to a tenant or any of his family, while exercising ordinary care, etc., the landlord is liable. This is surely one of the stated grounds of recovery in the Schwandt case. We are left in doubt as to this point in the Sontag case. We do not question a right of action in either case on that principle. The grounds of the liability, if at all, do not rest simply in breach of contract. The authorities cited apparently in support of this doctrine in the Sontag case, it must be noted, do not at all support the doctrine. For that reason we are led to believe that the real ground of recovery in that case was not breach of contract simply.

It would be extending this opinion to unnecessary length to discuss the other lines of authorities cited by appellee's counsel as supporting her case. We do not deem them applicable in this case where the contest is directly between the appellee and the appellant for her own personal injury caused by the defective condition of the porch. The relation of landlord and tenant is entirely different from that of a stranger and an owner or occupant of the premises. Neither appellee nor appellant is chargeable with notice of the particular defect complained of in the declaration at or prior to the

time of her injury, and the appellant repaired the same imediately after her injury. The appellee's claim is that she rented the whole of the premises from appellant, he agreeing to make repairs generally. The agreement was not to repair the porch, or any particular portion of the premises, so appellee claims, but an agreement to make repairs generally during her lease. So far as the evidence discloses in this case, the appellee has no right to recover of appellant for her injuries.

Third. It follows from what we have already said that the court erred in its instructions to the jury; but as the cause will have to be reversed because the evidence fails to prove, or tends to prove a right of recovery to the plaintiff against the appellant, further discussion of the instructions would be useless. For the reasons indicated, the cause is reversed without remanding.

*Reversed.*

Finding of facts to be incorporated in the judgment: The defendant at the time and prior to the plaintiff's injury had no knowledge of the defective or rotten condition of the plank in the porch in question of which the appellee complained in her declaration, and could not by reasonable care have known of the same; that the defendant had no notice to repair the particular defect complained of by the appellee prior to her injury, repaired the same immediately after the injury, and is therefore not guilty of a breach of his promise to repair the premises in question.