## Mary Margolen, by Marie Margolen, Appellee, v. Adrian deHaan et al., Appellants.

1. LANDLORD AND TENANT—*failure to repair as imposing liability on landlord for personal injuries to tenant.* A landlord is not liable for injuries sustained by a tenant from the defective condition of the demised premises, where there is no evidence of any agreement in the contract for leasing that the landlord should repair or keep in repair the premises in question, or that the defect in question was latent and known to the landlord but not to the defendant or that the use, possession or control of the defective porch was reserved to the landlord.

2. LANDLORD AND TENANT—*liability to repair not imposed on landlord by promise made after execution of lease.* A promise made by the landlord's rent collector, after the execution of a leasing agreement, to make certain repairs on the demised premises, even if made with authority, is a mere *nudum pactum* which imposes no liability on the landlord for damages for personal injuries suffered by the tenant as a result of the failure to make such repairs.

3. PLEADING—*extent of admission by plea of general issue to tenant's declaration for injuries from defective premises.* In an action by a tenant against the landlord for damages for personal injuries sustained in a fall from a defective porch on the demised premises where liability is predicated on failure to repair, a plea of the general issue, even if regarded as an admission of the allegations of the declaration that the landlord had the care, custody, management, possession and control of the porch, does not charge him with liability where the evidence shows the occupancy and possession of the entire premises to have turned over to the tenant, that the landlord was under no obligation to repair or keep in repair the demised premises, and discloses no ground on which the landlord could be charged with liability.

Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed July 11, 1922.

FELSEN & KANE and KRAMER, KRAMER & CAMPBELL, for appellants.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an action in case brought by appellee, Mary Margolen, by Marie Margolen, her mother and next friend, against appellants Adrian deHaan, Duncan Smith and Fannie deHaan, trustees and Adrian J. deHaan, executor of the estate of Henry J. deHaan, deceased, to recover damages from the owners for personal injuries suffered by a minor child of the tenant of a dwelling house.

The declaration consists of two counts, the first count alleging that the defendant Adrian J. deHaan on August 27, 1921, was acting as executor of the estate of Henry J. deHaan, deceased; that under the last will of said deceased the defendants Adrian deHaan, Duncan Smith and Fannie deHaan were acting as trustees of all of the real estate of said deceased; that by virtue of said will all of said defendants "were the owners of and had the care, custody, possession, management and leasing" of the premises involved; that the defendants also had the care, custody, possession, management and control of certain porches, stairways and landings attached to said buildings and premises; that it was the duty of the defendants to use due care and caution to keep the said porches and stairways in a reasonably safe condition so as not to injure the plaintiff; that the defendants, disregarding their duty, carelessly and negligently permitted a certain back porch, a part of said building and premises, to be and remain in an unsafe and dangerous condition, in that the several boards of the said porch were decayed, wormeaten and rotten and were permitted to remain loose and in a splintered condition; that by reason of said negligence while the plaintiff, who was an infant of two years of age, was then and there walking on said porch, where she had a lawful right to be, the said porch and the boards thereof gave way thereby caus-

ing the plaintiff to fall through and down upon the ground with great force and violence, thereby injuring the plaintiff, etc. The second count alleges, in substance, that the defendants on said date and for a long time prior thereto in their respective capacities aforesaid had the possession, management, leasing, use and control of the said dwelling-house which said building and premises the defendants leased to J. Margolen and Marie Margolen "thereby reserving the right and agreement to keep the said building together with porches and stairways and to maintain the same in a reasonably safe condition and keep and maintain the same in a reasonably proper repair"; that it became and was the duty of the defendants to keep the said porches and stairways and buildings in a reasonably safe condition so as not to injure the plaintiff; yet the defendants disregarded their duty in that behalf and "carelessly and negligently permitted a certain back porch, a part of said building and premises, to be and remain in an unsafe and dangerous condition, in that the several boards on the said porch were decayed, wormeaten and rotten and to remain in a loose and splintered condition; that by reason of the said negligence of the defendants the plaintiff, who was an infant two years of age, and who was then and there walking on said porch, where she had a lawful right to be, the said porch and boards thereof gave way, thereby causing the plaintiff to fall through and down upon the ground with great force and violence, thereby injuring the plaintiff," etc. To both these counts each of the defendants filed a plea of the general issue and the defendant Adrian J. deHaan, executor, filed a special plea alleging that he was not in possession of and did not own or control the property in question. The case was first tried at the November term, 1921, and a verdict returned in favor of appellee against all the defendants for $5,000. Upon motion for new trial this verdict was set aside. The suit was then dismissed

as to Adrian J. deHaan, executor, and the case again tried before a jury in January, 1922, when a verdict was returned in favor of appellee for $700. This appeal has been taken from the judgment rendered on that verdict.

The plaintiff, Mary Margolen, as it appears from the evidence, is the minor daughter of John Margolen and Marie Margolen: In October, 1919, John Margolen rented these premises under a verbal lease, for no definite period, at a rental of $12.50 per month. The plaintiff on the 27th day of August, 1921, fell from this porch and suffered a greenstick fracture of the arm. It appeared that the floor of the back porch was in a bad condition and probably the cause of plaintiff's fall. The evidence does not show that there was any agreement in the contract of leasing that the landlord should repair or keep in repair the premises. Neither does it appear that possession or control was retained over the porches, stairway or any portion of the premises whatever by the landlord. On the contrary the evidence does show that the occupancy and possession of the entire premises was given over to the lessee. Sexton & Sons were agents for appellants and collected the rent, one Peter Mumbard being their collector. The mother of appellee testified that she paid the rent to Mumbard the 13th day of each month after it became due and that no repairs were made on the premises by any one prior to August 27, 1921. She further testified that when she paid the rent on August 13, 1921, she told the collector that unless he had the hydrant and porch fixed she would move, and he said she should not move that he would have that fixed; that soon thereafter a workman was sent to repair the hydrant, but that he did not improve it any. The collector denied that the mother at any time mentioned the condition of the porch to him but he said she did complain of the hydrant leaking and that he reported it to the company.

It is to be noted that this is an action in case brought to recover damages for personal injuries claimed to have been sustained through the negligence of a landlord in failing to make repairs. It is the well-established doctrine of this State that in the absence of an agreement to that effect the landlord is under no obligation or duty to make repairs on premises the possession or control of which have been entirely given over to the tenant. In *Cromwell v. Allen,* 151 Ill. App. 404, this court said: "An examination of the authorities will abundantly show that the relation of landlord and tenant creates no obligation or duty on the landlord to make repairs unless he has assumed such duty by express agreement with the tenant. In the absence of special agreement the tenant takes the premises as he finds them subject to his own risk, and there is no implied covenant that they are fit for habitation, or that they are in any particular condition of repair." In that case will be found a collection of the decisions of the Supreme and Appellate Courts of this State supporting that holding. We further held in that case: "As a general rule a landlord who has covenanted to repair is not liable in tort for personal injuries resulting from the want of repair.   *   *   * In case a landlord fails to make repairs in violation of his covenant the tenant may (1) abandon the premises if they become untenantable by reason of want of repair; (2) he may make the repairs himself and deduct the costs from the rent; (3) he may occupy the premises without repair and recoup his damages in an action for rent; (4) he may sue for damages for breach of the covenant to repair, and the damage recoverable in this last instance is usually the difference between the value of the premises in repair and out of repair." We know of no exceptions to either of these rulings whereby the landlord can be held responsible in damages for personal injuries resulting from his failure to repair except where there is a latent defect

at the time of the leasing known to the landlord and concealed from the tenant and where the landlord has reserved the use, possession and control of some portion of the premises leased, such as a stairway or porch, in which latter case he can be held liable for failure to repair that portion of the premises reserved in the contract of leasing. But the contention is made that the collector, in effect, agreed to make the repairs when the mother of appellee told him upon payment of the rent in August, 1921, that unless the hydrant and porch were repaired she would move. If it be conceded that the collector had the authority to make an agreement to repair and that this conversation, if had, was an agreement to repair, yet it was an agreement made after the execution of the lease. If a landlord promises to repair the premises after the execution of the lease, such promise is a mere *nudum pactum* and no liability is thereby created against the landlord for a failure on his part to make such repairs. *Strong v. Soodvoisky,* 141 Ill. App. 183.

It is further contended by counsel for appellee that the plea of the general issue in this case admits the care, custody, management, possession and control of that portion of the premises which it is alleged was the cause of the injury complained of. To support this contention there is cited a line of decisions of this State in actions for personal injuries holding that the occupation, ownership or operation of the instrumentalities which are set out as connected with or causing the injury are not denied by the general issue. (*Carlson v. Johnson,* 263 Ill. 556; *Thomas v. Anthony,* 261 Ill. 288; *Holcomb v. Magee,* 217 Ill. App. 272, and cases cited.)

The rule laid down by the above authorities is well recognized and firmly established and under it appellants could not contest the ownership of the premises in question nor their right to lease the same. That the plea of the general issue admits the care, custody

and control of the porch where the injury occurred does not appear clear to us, when all the allegations of the declaration are taken into consideration. But even if appellee's contention in this regard were fully sustained, yet under our holdings in *Cromwell v. Allen, supra,* we conclude that under the proof in this case this judgment cannot be sustained.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*