Virginia Breazeale, Appellant, v. Chicago Title and Trust Company, Appellee.

Gen. No. 39,650.

270

Opinion filed January 10, 1938.

James K. McVey and McKenna, Harris & Schneider, both of Chicago, for appellant; James J. McKenna and Andrew Park, of counsel.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago, for appellee; David Jacker, Charles M. Rush and William H. Symmes, all of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff brought suit alleging that she had been injured through the negligence of the defendant in failing to maintain in good repair an apartment leased by her; upon trial, at the conclusion of plaintiff's case, the court on motion of defendant instructed the jury to find defendant not guilty, and plaintiff appeals from the judgment on the verdict.

Defendant had possession as trustee of an apartment building at 721–729 Sheridan road, Chicago; in October, 1933, under an oral lease, plaintiff moved into one of these apartments; it was a furnished apartment and an employee of defendant once a week cleaned the carpet with an electric cleaner. Plaintiff testified that the carpet was shabby and that there was a hole in it in the living room; that when she talked to

the manager of the building, Mrs. Hamm, she was told that new carpets were ordered and would be put in very soon. In the following April, 1934, plaintiff came home from work about 6:30 or 7 p. m., turned the light on and walked along a little, narrow hallway between the kitchenette and the bedroom; she put her coat and hat in a closet on one side of this hallway and then turned to go into the bathroom on the opposite side; she says, "It seems there was a seam in this carpet in this little, long, narrow hallway . . . and I ran my foot under that seam in the carpet and fell against the left-hand side of the bathroom door." She says her head struck against the bathroom door and as she fell she "heard the tearing . . . in the carpet." She testified at length as to her injuries as a result. On cross-examination she testified that there was no hole in the carpet in this hallway; that she used the hallway frequently and saw the carpet there "hundreds of times" and saw nothing wrong with it between the bathroom door and the closet door; that it was old and shabby but apparently whole. She testified that on at least five different occasions she complained about the carpet and was told a new carpet would be placed within a day or two. Her complaint apparently was about the shabbiness of the carpet, which would make an unpleasant impression on guests she expected about Christmas time.

There is no duty on a landlord to make repairs of a leased apartment unless he has assumed such duty by express agreement. *Cromwell v. Allen*, 151 Ill. App. 404. The opinion in that case examines extensively the law on the subject. The cases cited in plaintiff's brief which it is said hold to the contrary are cases involving some part of the building used in common by all the tenants and not in the exclusive possession of any one tenant.

In the case at bar plaintiff was in exclusive control of the premises, except that the vacuum cleaner man

entered once or twice a week to clean the carpet. This temporary work did not amount to constructive possession by the landlord, carrying with it the duty to replace a shabby carpet. In this connection it might be noted that plaintiff's complaint to the building manager went more to its appearance than to any dangerous condition.

A further consideration against plaintiff's position is that the condition of the carpet in the hallway was known to plaintiff and, as she testified, there was apparently nothing the matter with it except its age.

The first count of plaintiff's complaint seems to be based upon a breach of contract to repair, although this point is not argued in her brief. The general rule is that where the right of possession and enjoyment of leased premises passes to the lessee, in the absence of concealment or fraud by the landlord as to some defect known to him and unknown to the tenant, the tenant assumes all risk of personal injury from defects, and the fact that the lessor covenants to repair does not affect this rule so far as concerns the lessor's liability for personal injuries to the lessee due to defects, although their existence is attributable to the failure of the lessor to repair. 8 A. L. R. 765, 766, and cases there cited. Also *Revell v. Illinois Merchants Trust Co.*, 238 Ill. App. 4; *Margolen v. DeHaan*, 226 Ill. App. 110; *Timmons v. Williams Wood Products Corp.*, 162 S. E. 329; *Oppenheimer v. Szulerecki*, 297 Ill. 81, 86.

We repeat that defendant had no notice of any defect in the carpet where plaintiff fell and there had never been any complaint about the carpet at this place except that it was old and shabby. Upon the evidence there was no issue of fact to be submitted to the jury and the court properly instructed for the defendant.

The judgment is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.