(7 Misc. Rep. 172.)

### ESCHBACH v. HUGHES.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

DAMAGES—PROXIMATE AND REMOTE CAUSE.

Breach of covenant by a lessor to repair the roof is not the proximate cause of the illness resulting from the dampness caused by leakage of the roof.

Appeal from third district court.

Action by George F. Eschbach against Brian G. Hughes for damages for ill health alleged to have been contracted because of defendant's breach of covenant to keep the premises demised to plaintiff in good repair. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Wm. H. Clark, Corp. Counsel, and Wm. H. Sweetser, for appellant. G. A. C. Barrett, for respondent.

BISCHOFF, J. Plaintiff, a lawyer, sued to recover damages alleged to have accrued to him by ill health from pneumonia contracted in consequence of the damp condition of rooms rented to him for office purposes by the defendant, the dampness having been caused by the leaky condition of the roof of the premises. The mayor, etc., of the city of New York defended the action because, as lessors of the defendant, the corporation was liable over to him upon a covenant to keep the premises in repair. There is no dispute as to the amount of the damages awarded, nor as to the defendant's duty towards plaintiff to keep the roof of the premises in repair under a covenant in the lease to plaintiff. No evidence whatever was adduced for defendant, and this appeal is based upon the ground that the plaintiff did not present a case to justify any recovery, and that defendant's motion for judgment in his favor should have been granted. It is unnecessary to consider the question of plaintiff's alleged contributory negligence, since the action must, as matter of law, fail in any event. Defendant's alleged liability for the damages sought to be recovered of him rests upon the breach of a contractual duty towards plaintiff,—the neglect to repair the roof as agreed. It is not, therefore, one for which damages for ill health are recoverable. Such damages are too remote. They are not within the reasonable contemplation of the parties at the

time of the making of the contract. Neither are they an immediate or natural result of the breach, (1 Suth. Dam. c. 1, §§ 4, 48, etc., p. 99, etc.,) and so it was expressly held by this court in a like case, (Chadwick v. Woodward, 12 Daly, 400.) The judgment, therefore, should be reversed, and the complaint dismissed, with costs of this appeal and of the court below to appellant.