(20 Misc. Rep. 359.)

### O'GORMAN v. TEETS.

(Supreme Court, Appellate Term. May 27, 1897.)

1. NEW TRIAL—NOTICE OF MOTION—WAIVER.
   The five-days notice of motion for a new trial in a district court of New York City (Laws 1896, c. 748) is waived where the motion was made at the time the verdict was rendered, and the hearing was then adjourned by mutual consent to a future day, and both parties were represented at the hearing.

2. APPEAL—INCORRECT REASONS FOR DECISION.
   A correct decision will not be reversed because the reasons given therefor by the court below are erroneous.

Appeal from Tenth district court.

Action by William O'Gorman against Theodore F. Teets for rent. From an order setting aside a verdict rendered in favor of defendant, and granting a new trial, on the ground that the verdict "was against

45 N.Y.S.—59

the weight of evidence and the law," defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William H. Knox, for appellant.

William J. Smyth, for respondent.

BISCHOFF, J. Preliminarily to any matters touching the merits of the case, the appellant contends that the order appealed from is assailable because not made upon five days' notice, within five days after the rendition of the verdict, such notice having been provided for by the statute authorizing the justice to grant a new trial, where the parties have litigated the issues. Laws 1896, c. 748. It appears, however, from the record, that the hearing of the motion was, by consent of the parties, adjourned to some date to be afterwards fixed, the adjournment being taken at the time of the rendition of the verdict, and that both sides were represented at the time of the actual hearing. The order recites the fact that an agreement was made for this purpose by the attorneys for the plaintiff, and defendant "waiving questions of statutory notice," and this recital is borne out by the minutes of the trial. We have therefore a case wherein the statutory provision for notice was waived by the party for whose benefit it was intended, and the justice's jurisdiction to make the order was accordingly not open to attack. Krakower v. Davis (handed down herewith) 45 N. Y. Supp. 780.

The action was for rent, and the defense was eviction, with a counterclaim founded upon it, the defendant alleging that, through the act of a plumber engaged by the plaintiff to repair a drain pipe upon the premises, the cellar was caused to become the receptacle of refuse matter, and that the stench arising from it necessitated his removal from the house, and also affected the health of his child. The verdict rendered was in favor of the defendant for $150, but the proof of damages clearly failed to support the award, since, taking the defendant's evidence as true, the loss to which he was put through his eviction was an expense of $14 for removing his effects, and a further liability for $15 per month for five months, this sum representing the excess of rent which he was called upon to pay (over and above the rent reserved by his lease from the plaintiff) because of his having to remove to other premises. The verdict in his favor was thus clearly excessive, since no claim could properly be made for damages arising from sickness occasioned by the breach of the landlord's agreement to repair (Eschbach v. Hughes, 7 Misc. Rep. 172, 27 N. Y. Supp. 320); and here, indeed, there was neither proof of any such agreement nor of damages sustained by the defendant because of the child's sickness. The lease contained no covenant upon the part of the landlord to make repairs, and, if it be said that the plumber was gratuitously engaged by the landlord to repair this pipe, the answer is that the proof fails to furnish ground for the imposition of liability against the plaintiff, because of the negligence of this individual, if any, since he was not shown to have been the servant of the plaintiff, nor negligently selected for this work as an independent contractor. Because excessive, the verdict was infirm, and thus was properly set aside.

It might be said that the grounds stated for the order by the court

below covered this particular point, but, assuming the contrary, the result is still to be upheld, since the appellate court, if impressed with the correctness of an order such as that before us, is not confined to the reasons given by the justice at the trial, for the purposes of affirmance, but must approve the decision if correct upon any ground. Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596.

Order affirmed, with costs. All concur.