## Theodore W. Boske v. Elizabeth Collopy.

1. NEGLIGENCE—*Must Be Proved.*—A person can not be held to be liable for the damages from a personal injury resulting from negligence where there is no testimony of any act or omission on his part which contributed to produce such injury.

2. JURY—*Duty to Obey the Instructions of the Court.*—It is the duty of the jury to follow the instructions of the court, and a refusal to do so will be cause for reversal.

Action in Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presid-

ing.  Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded.  Opinion filed January 2, 1900.

Mancha Bruggemeyer, attorney for appellant.

Sullivan & McArdle and P. L. McArdle, attorneys for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

This is an action on the case commenced by appellee to recover from appellant damages for personal injury.

Appellant, at the time of the injury complained of, was the owner of several buildings situated at the corner of Thirtieth street and Emerald avenue, Chicago.  Appellee was a tenant of appellant, occupying a flat in one of said buildings.  Between two of said buildings and on the property of appellant was a board walk which rested on stringers, and was three or four feet up from the ground.  August 6, 1894, when appellee was passing along said walk, some of the boards in it broke and she fell and fractured the bone in her left arm.

At the trial of said cause the court gave to the jury, on behalf of appellee, the following instruction, viz.:

" The court instructs the jury that if they believe from the evidence that the defendant rented apartments in the building in question to the plaintiff, and that the sidewalk in question was appurtenant to the building in question, and that the defendant had other tenants in said building; and if the jury also believe from the evidence that the defendant furnished said sidewalk for the use of all the defendant's tenants; and if the jury further believe from the evidence that the defendant was guilty of negligence, as charged in the declaration, and that such negligence caused the injury to the plaintiff; and also believe from the evidence that plaintiff was injured while in the exercise of ordinary care and caution on her part, then the defendant is responsible to the plaintiff, and she is entitled to recover from him compensation in money for all such injuries charged in the declaration, if any, which the jury believe from the evidence, was or were the direct, probable, proximate result of defendant's negligence."

And on behalf of appellant the court gave the following instruction, viz :

" The court instructs you, even though you find from the evidence that the walk in question was a part of the premises leased to plaintiff, the defendant would not be liable unless he knew of the defective condition of the walk, or by the exercise of reasonable care could have known of it, long enough before the accident to have it repaired."

Some complaint is made by appellant as to said instructions given on behalf of appellee. These instructions present the law correctly. But the jury did not follow them.

We have carefully examined the testimony and are unable to find any testimony whatever tending to show that there was any apparent defect in the walk in question; or that appellant had notice, or knew of any such defect; or that by the exercise of reasonable care he could have known of or have discovered any such defect. Neither do we find any testimony tending to show any negligence of any kind, by or on the part of appellant. Appellant can not be held liable for the damages resulting from the injury complained of, when there is no testimony of any act or omission on his part which contributed to produce such injury.

There being no such testimony in this record, the judgment of the Circuit Court is reversed and the cause remanded.