93    365
115   ¹108

## Bernard Schwandt, by his Next Friend, v. Metzger Linseed Oil Co.

1. LANDLORD AND TENANT—*Liability for Failing to Keep a Contract to Repair.*—Where a lessor agrees to keep the leased premises in repair and fails to do so, he is liable for injuries to the children of his tenant resulting from his failure to perform his agreement to make such repairs.

2. SAME—*Actions by Third Parties for Injuries Resulting from a Failure of a Lessor to Keep his Agreement to Repair.*—Where a lessor agrees to keep leased premises in repair and fails to do so, and a child of the lessor sustains an injury, resulting from such failure, an action may be brought at once against the lessor and circuity of action avoided.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed March 5, 1901.

KING & GROSS, attorneys for plaintiff in error, ANDREW J. HIRSCHL, of counsel, contended that a landlord has been held liable under the following instances :

To a spectator in a public hall : Camp v. Woods, 76 N. Y. 92.

To the tenant's wife : Simons v. Elliott, Montreal Law Reports, 5 Sup. Ct. 182; Sontag v. O'Hare, 73 Ill. App. 432.

To the tenant's boarder : Wilcox v. Zane, 167 Mass. 306.

To various members of the family : See cases in Hines v. Wilcox (Tenn.), 34 S. W. Rep. 420.

To tenant's visitor: Coupe v. Platt (Mass.), 52 N. E. 526; Markin v. Crumbie, 35 N. Y. S. 1027, and many cases cited; Monteith v. Finkbeiner, 21 N. Y. S. 288.

To tenant's brother: Brady v. Valentine, 21 N. Y. S. 776.

To tenant's child : Moore v. Steljes, 69 Fed. Rep. 518; Schilling v. Abernethy, 112 Pa. St. 440; Burns v. Solomon, 3 Ohio, N. P. 185; Coke v. Gutkese, 80 Ky. 598.

Lessor has been held liable even to the tenant's mother-in-law: Defiance Water Co. v. Olinger, 54 Ohio St. 536.

Condition of all of those portions of the premises which are for the common use of all tenants is chargeable to the landlord. Looney v. McClean, 129 Mass. 33; Wilber v. Follansbee (Wis.), 72 N. W. Rep. 741; Miller v. Rinaldo, 47 N. Y. S. 636; Rouillon v. Wilson, 51 N. Y. S. 430.

This principle is recognized, and is to be applied whenever notice of defect is proved. Case of Roske v. Callopy, 86 Ill. App. 268.

The existence of the defect for three months has been held to imply notice to the landlord. Feinstein v. Jacobs, 37 N. Y. S. 345.

But in the case at bar the defect existed longer, and the evidence shows actual notice to the lessor's agent in charge.

It can not be claimed that the plaintiff's father was negligent in remaining in the premises under the constant prom-

Schwandt v. Metzger Linseed Oil Co.

ises of repair, and even if it were, the neglect would not be chargeable against the plaintiff himself.    Chicago City Railway Co. v. Wilcox, 138 Ill. 370; Daube v. Tennison, 154 Ill. 212.

Steere & Furber, attorneys for defendant in error.

Mr. Justice Windes delivered the opinion of the court.

Plaintiff in error, a minor, aged about nine years, who, on November 2, 1895, was injured by a fall from a stairway caused by a defective railing thereon, brought suit by his next friend against the defendant in error to recover for his injuries, a trial of which before the court and a jury resulted in a verdict, directed by the court at the close of the plaintiff's evidence, finding the defendant not guilty, and a judgment thereon, to reverse which this writ of error is prosecuted.

In substance, the evidence shows that Herman Schwandt, the father of plaintiff, was at the time of the accident the tenant of defendant of one of three flats of the building where the injury occurred; that there was a stairway in the rear of the building used by all the tenants of the building in common, including plaintiff's father.    This stairway had a railing or banister along it, and at the landing at each flat, and had been out of repair, in a loose and shaky condition, for a month or more before the accident.    Plaintiff was a member of his father's family and resided with his father and mother in their flat.    When plaintiff's father rented the flat the representative of defendant, as the evidence tends to show, agreed to keep the premises in repair, and it appears that from time to time he directed plaintiff's father to make certain repairs, which were made, and paid for by such representative; also that the same representative was notified in July before plaintiff's injury that the railing or banister in question was loose and shaky, and in a dangerous condition, and he promised to have the same repaired, but failed so to do.

Plaintiff did not know of the condition of the railing, and as he passed down the stairway he stopped and leaned

over and against the railing, which gave way because of its loose and shaky condition, causing plaintiff to fall to the ground below, which resulted in the injury for which the suit was instituted.

We are of opinion that the cause should have been submitted to the jury, and that the court erred in directing a verdict. 12 Am. & Eng. Enc. Law, 687 *n;* Taylor's Landl. & Tenant, Secs. 175, 175 *a*, p. 198, and cases cited; Culver v. Kingsley, 78 Ill. App. 540, and cases cited; Boske v. Collopy, 86 Ill. App. 268; Gridley v. City of Bloomington, 68 Ill. 47; Payne v. Irvin, 144 Ill. 482–8; Wilcox v. Zane, 167 Mass. 306; Moore v. Steljes, 69 Fed. Rep. 518; Coke v. Gutkees, 80 Ky. 598; Looney v. McLean, 129 Mass. 33; Wilber v. Follansbee, 72 N. W. Rep. 741 (Wis.); Rouillon v. Wilson, 51 N. Y. Sup. 430.

Mr. Taylor, in Sec. 175 *supra*, says, where the landlord " has covenanted to repair, and the injury arises from this want of repair, although the occupant is in the first instance liable, the landlord may be sued at once to avoid circuity of action." The same author in Sec. 175*a*, says: " Where the landlord retains possession or control of any part of the tenement, the rest of which is under the demise, while his duty to third persons is complete, his liability to the tenant depends on the exclusiveness of his possession and active control." (Citing cases.) These cases hold that where rooms in a building are leased to different tenants, the landlord is bound to use reasonable care to keep the common staircase in repair, and, failing to do so, he is liable for injuries resulting to one of the tenants by reason of defects in the staircase. And in Looney v. McLean, *supra*, the court holds that the responsibility of the general owner is to all persons, including the tenants of his building. In Wilcox v. Zane, 167 Mass. 302–6, such liability was held to extend not only to the tenant, but to a person who was working gratuitously at the request of a tenant upon the premises —a roof for drying clothes, used in common by several tenants of the landlord.

In Moore v. Steljes, 69 Fed. Rep. 518, the liability of the

Schwandt v. Metzger Linseed Oil Co.

landlord to the tenant to keep the premises in repair was held to extend to the tenant's child, though in that case there was a warranty by the landlord to the tenant of the safety of the premises.

In Gridley v. City of Bloomington, *supra*, where the question was as to the liability of the owner or occupier of premises for failure to keep in repair the covering of a vault in the sidewalk in the street in front of the premises, the court states the general rule to be that the occupant and not the owner is liable in such case, but says there are two exceptions, the first of which is:

" Where the landlord has, by an express agreement between the tenant and himself, agreed to keep the premises in repair, so that in case of a recovery against the tenant he would have his remedy over, then, to avoid circuity of action, the party injured by the defect and want of repair may have his action in the first instance against the landlord; but such express agreement must be distinctly proved."

In Payne v. Irvin, *supra*, where the question was as to the liability of an owner to a tenant caused by the blowing down of a signboard which advertised the owner's business carried on in a part of the building which was rented to the tenant, the court say :

" The landlord, as to that portion of the building over which he retains control, must be held to also retain the responsibility to keep the same in reasonable repair in respect of all persons, including the tenants of the building." (Citing many cases.)

In the Boske case, *supra*, which was a case of a tenant against a landlord for injuries resulting from a defective board walk which was used in common by several tenants, the court, while reversing the cause for insufficiency of proof, approved an instruction which, in substance, told the jury that the landlord was liable to his tenant if he was negligent as to the repairs of such a sidewalk.

In view of these authorities, there being evidence showing an agreement of the defendant to make repairs, as well as to repair the railing or banister causing the injury,

after notice of its dangerous condition, and also that the stairway of which this railing or banister formed a part was used in common by other tenants in the building, as well as plaintiff's father, that plaintiff was a member of his father's family, resided with his father, did not know of the danger, and was injured by reason of the defective and dangerous condition of the railing, we think the evidence should have been submitted to the jury. The judgment will therefore be reversed and the cause remanded.