## S. W. Rode & Son v. M. B. Arney, et al.

1. WARRANTY—*what not contemplated by contract of.* Damage resulting from the loss of the services of one's wife, etc., resulting from injuries sustained by reason of a defective wagon, cannot be recouped under a contract warranting the soundness of such wagon in an action brought for its purchase price.

Action commenced before justice of the peace. Appeal from the County Court of Fayette County; the Hon. BEVERLY W. HENRY, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

SPURGEON & BLANKENSHIP and BROWN, BURNSIDE & BULLINGTON, for appellants.

ALBERT & ROE, for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit by appellants against appellees, commenced before a justice of the peace of Fayette county, to recover on a promissory note. From the judgment rendered in the justice's court an appeal was prosecuted to the County Court where the case was tried by a jury, resulting in a verdict and judgment in favor of appellees.

The facts in this case are that appellants sold to appellee M. B. Arney a spring wagon, and guaranteed it to be "of good material and good workmanship." In payment for the wagon M. B. Arney gave his promissory note for $55, Mary L. Arney and M. A. Arney, co-appellees herein, signing as sureties.

The material of which a certain portion of the neck yoke was made was not good, neither was the workmanship as to that part good, and on one occasion when the wagon was in proper use, occupied by the wife and two children of the purchaser and principal appellee, while going down hill on a public highway, the defective part of the neck yoke broke, causing the tongue to fall and stick in a bank at the side of the road. The wagon "tilted up on two

wheels," breaking the brace bars, the double-tree, one single-tree, and throwing the occupants out, whereby both the wife's arms were broken, and principal appellee sustained damage to the amount of $80, in loss of his wife's services and of his own time while caring for her, and in necessary expenditures for surgical and medical assistance in effecting her cure.

Upon the trial in the County Court appellees set up and proved the warranty and the breach, and were allowed, over appellants' objections, to recoup the above mentioned items of damage against the sum on their note. In this the trial court erred. These items of damage do not lie within the scope of the warranty. It must be borne in mind that the right to recoup in this case is based solely upon the contract of warranty, and that "in an action for breach of contract the measure of damages is more strictly confined than in cases of tort."

Schurmeier v. English, 46 Minn. 306, was a case in all its controlling features like the case here. There, as here, the plaintiff had sold a wagon to the defendant on credit, and warranted the quality, and, as is also true here, there was no limitation on the warranty. The wagon, by reason of its defective quality, broke, causing the death of one of defendant's horses which he was driving to the wagon at the time. The plaintiff sued for the contract price of his wagon and defendant set up a " counterclaim " for damages, —pleaded the warranty and breach and claimed as an item of damages the value of the horse. The court in discussing the case says: "That the claim for the value of the horse constituted neither a cause of action nor a counterclaim is very clear. It was neither such damage as arose naturally from the breach of warranty, nor such as could reasonably be supposed to have been contemplated by the parties as the probable result of the breach." To the same effect in principle, but upon different states of fact, are: Eschbach v. Hughes, 27 N. Y. Supplement 320, and Arnold v. Clark, 45 N. Y. Superior Court Reports 252. None of the cases cited and relied upon by counsel for appellee are directly

S. W. Rode & Son v. Arney.

in point, and so far as we are advised neither text writer nor court has ever laid down the rule contended for by him as applicable to a case similar to the case at bar.

The judgment of the County Court of Fayette County is reversed and the cause remanded.

*Reversed and remanded.*