(112 App. Div. 355)

### DANCY v. WALZ.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

LANDLORD AND TENANT—FAILURE TO SUPPLY HEAT AS AGREED—ACTIONS FOR DEATH.

　　A tenant cannot maintain an action for the death of his infant child, occasioned by the landlord's failure to supply heat to the premises as required by his agreement.

Appeal from Trial Term, Richmond County.

Action by Charles E. Dancy against Michael Walz. From a judgment for defendant, entered on dismissing the complaint on the opening of the case by plaintiff, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Leslie C. Ferguson, for appellant.
Wm. J. Lippmann, for respondent.

HIRSCHBERG, P. J. The complaint was properly dismissed, as it fails to state a cause of action. It alleges in substance that the defendant is the owner of certain premises in the borough of Manhattan,

in which the plaintiff leased an apartment for himself and family at an agreed monthly rental, and in which he continued as a tenant from month to month until May, 1904. It further alleges that the apartment was heated by steam supplied by the defendant, that in consideration of the rental the defendant agreed to supply steam to heat the apartment comfortably, and that in the middle of the month of April, 1904, the defendant discontinued the supply of steam heat, and thereafter neglected and refused to furnish any heat, whereby the plaintiff's infant child, being sick with measles, contracted pneumonia and died. The plaintiff seeks to recover $5,000 damages for the death of the child, and $175 expended for physician's fees and the services of an undertaker.

The action is not maintainable. It was unknown at the common law, and as created by statute is given only to the representatives of the deceased, who are permitted to sue for the benefit of the next of kin. The relation between the parties herein was wholly contractual, and it has been often held that no action will lie for personal injuries sustained in consequence of the breach of an agreement to keep leased premises in repair. Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855; Stelz v. Van Dusen, 93 App. Div. 358, 87 N. Y. Supp. 716; Sherlock v. Rushmore, 99 App. Div. 598, 91 N. Y. Supp. 152; Boden v. Scholtz, 101 App. Div. 1, 91 N. Y. Supp. 437; Hagin v. Cayuga Lake Cement Co., 105 App. Div. 269, 93 N. Y. Supp. 428. There is no distinction in principle between a covenant to repair and one to keep the premises heated in respect of the right of recovery of damages such as are asserted in this action. In Eschbach v. Hughes, 7 Misc. Rep. 172, 27 N. Y. Supp. 320, it was held by the General Term of the Common Pleas in the City of New York that where the landlord violated a covenant in a lease requiring him to keep the roof in repair, and the tenant contracted pneumonia in consequence of the failure, there could be no recovery for the damages caused by such sickness; that they were too remote, were not within the reasonable contemplation of the parties, nor the immediate or natural result of the breach. This decision was followed by the Appellate Term in O'Gorman v. Teets, 20 Misc. Rep. 359, 45 N. Y. Supp. 929.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.