John Mikusz, by Katerina Mikusz, Defendant in Error,
v. Harris Kahn, Morris Kahn and Marcus Kahn,
Plaintiffs in Error.

### Gen. No. 22,303.

LANDLORD AND TENANT, § 257*—*when declaration in action for injuries to child of tenant does not state cause of action in tort.* In an action by a minor child of the tenant of a portion of a building against the landlords to recover damages for injury to his eye, due to being struck by a protruding bolt in a door on the premises, upon the wind blowing the door shut, a declaration alleging that defendants rented a part of said building to parents of plaintiff, who lived on the premises; that at the time the premises were rented the lock protruded three inches and was in a dangerous condition; that at the time of leasing defendants promised to repair it; that it became the duty of defendants to repair the lock and keep it in a reasonably safe condition, which they failed to do, and that plaintiff was injured by being struck in the eye by the bolt, upon the wind blowing the door shut, *held* not to state a cause of action in tort.

Error to the Superior Court of Cook county; the Hon. H. STER-
LING POMEROY, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1916. Reversed. Opinion filed July 19,
1917.

SIGMUND ZEISLER and LEONARD B. ZEISLER, for plaintiffs in error.

S. P. DOUTHART and FRED C. SMITH, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiffs in error, defendants below, have sued out this writ of error to reverse a judgment entered against them by the trial court in an action of trespass on the. case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Mikusz v. Kahn et al., 207 Ill. App. 258.

With other points they urge here that the declaration failed to state a cause of action.

In the declaration defendant in error, as a minor by his next friend, alleged that the defendants were the owners of and renting certain premises with a building thereon to tenants; that defendants rented a part of said building to the parents of the plaintiff, who, during all the time, lived with his parents in said building and was of the age of five years; that at the time the premises were rented the door belonging to said premises with the lock, latchet or fastening of said door was weak, worn, broken, out of order and insufficient and that a certain lock, latch or fastening protruded a great distance beyond the edge of said door, which was then and there dangerous; that at the time of the leasing the defendants "agreed to and with the parents of the plaintiff, and promised then that they would repair, mend and put said door, lock, latch and fastenings in good repair and in safe condition"; that it became and was the duty of the defendants to keep said door and said house in a reasonably safe condition and to have used reasonable care in providing and keeping said lock, latch or fastening upon said door in a reasonably safe condition and not to permit it to be and remain out of condition, and the bolt or a part of said lock, latch or fastening to project a great distance from the edge of said door, to wit, the distance of about three inches; that the defendants did not regard their duty, etc., and that by means and in consequence thereof, while the plaintiff was passing through the door or standing in the sweep of said door, the wind blew against said door so that it swung with great force and violence, and the projecting lock, latch or bolt struck with great force and violence upon and into one of the plaintiff's eyes, injuring him, etc.

Plaintiffs in error having briefed and argued this case upon the theory that the suit was based upon the agreement of the landlord to repair, the defendant in

error replied as follows: ''The plaintiffs' suit is not based upon an agreement to repair and it is not his theory that he has a right to recover upon the breach of such a promise. The theory upon which the plaintiff bases his right to recovery is that the premises were let with the nuisance upon it; that it was let in a dangerous condition, which condition the defendants knew, or by the exercise of reasonable care ought to have known, and that the defendants voluntarily set in motion an agency, which, in the ordinary and natural course of events, would expose persons entering through said storm door to personal injury, and this the defendants could have anticipated; and, therefore, they are chargeable with the consequences.''

To support this view of the law the defendant in error cites several authorities of which it is only necessary to say that they are readily distinguishable from the case at bar in that the premises in those cases were knowingly rented by the landlord with a concealed defect or nuisance, or he retained some control of them, or the action was brought by a *third party* and *not by the tenant or a member of his family.*

Among the cases cited is *Borggard v. Gale,* 205 Ill. 512, where the wife of the tenant sued the landlord for injuries sustained by stepping into a hole in the floor of premises rented by her husband for use as a store, and the trial resulted in a judgment for the defendant. She sued out a writ of error and sought to reverse the judgment on account of instructions given. The trial court instructed the jury that the defendant was not liable to the plaintiff for any injuries which she sustained after her husband took possession of the premises under the terms of the lease, even though the premises were let with a nuisance upon them by means of which the injury was received, unless, through the fraud or concealment of the defendant, the husband was induced to take possession of the premises without knowledge of the existence of such

nuisance. The Supreme Court held this instruction proper and affirmed the judgment. The case is an authority against, rather than for, the defendant in error.

Another case relied on by the defendant in error is that of *Sontag v. O'Hare*, 73 Ill. App. 432, which is distinguished as to the facts in the later case of *Cromwell v. Allen*, 151 Ill. App. 404, where the tenant undertook to uphold a judgment against the landlord in tort, claiming the landlord had covenanted to make repairs and failed to do so, and relying on the *Sontag* case, *supra*. Mr. Justice Duncan delivering the opinion says:

"The theory upon which this case was tried in the lower court is evidently based upon some expressions found in two cases cited by appellant, to wit, *Sontag v. O'Hare*, 73 Ill. App. 432, and *Schwandt v. Metzger Linseed Oil Co.*, 93 Ill. App. 365. The *Sontag* case seems to have been contested and decided on a question of evidence. In that case there probably was a clear right of action upon the principle that where a portion of the premises, as a stairway, hall or porch, *is retained under control of the landlord by contract* or by implication of law, and other specified portions of the premises are rented to different tenants, and the landlord neglects to repair the portions so retained by him, and injury thereby results to a tenant or any of his family, while exercising ordinary care, etc., the landlord is liable. This is surely one of the stated grounds of recovery in the *Schwandt* case. We are left in doubt as to this point in the *Sontag* case. We do not question a right of action in either case on that principle. The grounds of the liability, if at all, do not rest simply in breach of contract. The authorities cited apparently in support of this doctrine in the *Sontag* case, it must be noted, do not at all support the doctrine. For that reason we are led to believe that the real ground of recovery in that case was not breach of contract simply."

The court further says:

"On principle, we would say, that there can be no

such liability unless the covenant to repair amounts to a covenant to keep the premises reasonably safe; or unless the contract was made under such circumstances as plainly indicated that such damages were contemplated by the parties at the time of making the contract; or unless there is some duty resting on the landlord to make the repairs not arising from the contract. The weight of the authorities is decidedly against such a recovery, except under such special circumstances above named.''

The facts pleaded in the declaration present none of these circumstances and none in our opinion that will sustain an action in tort. While contrary decisions may be found, yet we think the weight of authority is as stated in Mr. Justice Duncan's opinion. An analysis of the authorities on the subject may be found in a note to *Dustin v. Curtis* [74 N. H. 266], 11 L. R. A. (N. S.) 504. We are not aware that the precise point has been decided by our Supreme Court.

As the declaration did not state a cause of action in tort, the judgment should be reversed.

*Reversed.*