**David Revell, Administrator of the Estate of Karl Henry Bernholdt, Deceased, Appellee, v. Illinois Merchants Trust Company et al., on appeal of Illinois Merchants Trust Company, Conservator of the Estate of S. T. Butler, Insane, Appellant.**

### Gen. No. 29,562.

1. DEATH BY WRONGFUL ACT—*landlord not liable for breach of covenant to furnish heat.* The failure of a lessor to furnish steam heat for an apartment, according to the terms of his covenant, whereby the tenant contracted pneumonia and died, is not an actionable tort within the statute giving a right of action for wrongful death.

2. LANDLORD AND TENANT—*what amounts to reservation of part of premises in lease of apartment building.* Leasing an apartment building, described as a "building" at a certain street and number, the "premises consisting of" certain apartments, does not reserve to the lessor control of the basement of the building and the heating plant, where another provision of the lease required

Revell v. Illinois Merchants Trust Co., 238 Ill. App. 4.

the lessee to take the building subject to all apartment leases and to assume the lessor's agreements and covenants in them and to furnish heat, especially where the apartment lessees attorned to the building lessee to whom they paid rent and looked for proper heating.

3. LANDLORD AND TENANT—*legal duties based on relationship cease by attornment.* The duties of a landlord to tenants of an apartment, based on that relationship, cease by a lease of the entire building and a complete attornment to the building lessee, and only the contractual duties of the original landlord remain.

Appeal by defendant from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed. Opinion filed July 14, 1925.

BURRY, JOHNSTONE & PETERS, for appellant; ARTHUR DIXON, of counsel.

BEACH & BEACH, for appellee; RAYMOND W. BEACH, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an action *ex delicto* brought under the death statute, in which there was a verdict and judgment for $10,000 against appellant and Laura McIntosh. The latter did not perfect an appeal.

Appellant was substituted as conservator for S. T. Butler, an original defendant, who owned an apartment building known and described as No. 4012 Sheridan road, in the City of Chicago, which contained several apartments, one of which he leased for the period from July 15, 1919, to September 30, 1920, to one Bornholdt, deceased, for the benefit of whose widow and next of kin this suit was brought. By that lease Butler covenanted to supply from October 1 to May 1 the steam for heating said apartment.

After Bornholdt took possession, and while occupying said apartment, Butler leased and before the commission of the wrong or negligence complained of turned over possession of said apartment building,

including the apartment occupied by said Bornholdt, to said Laura McIntosh, after which Bornholdt attorned to her and paid her the rent.

The declaration, which is in one count, is predicated upon these undisputed facts and charges negligence on the part of both defendants in violating the provision in said lease requiring them to supply steam for heating said apartment, and that as a direct result thereof said Bornholdt contracted pneumonia of which he died.

A demurrer to the declaration was overruled, and the plea of general issue was filed. The proof also as to the relation of the several parties is as above stated, and has no legitimate tendency to show otherwise.

Appellant moved at the close of all the evidence for a directed verdict. We think it should have been granted.

These additional facts are uncontroverted:

The lease from Butler to Mrs. McIntosh provided that she should "take such apartment building subject to all existing leases," and be entitled to the rents provided for in the same, and should perform all the agreements and covenants therein to be kept by the lessor, "and furnish the heat and hot water necessary in said apartments, and assume the janitor service." In view of these provisions and the description of the premises conveyed as "4012-4014 Sheridan road, premises consisting of two 7-room apartments and four 8-room apartments," the lease must be deemed to convey posession of the entire building, including the basement and heating plant, without any reservation of control thereof by the lessor. These provisions are entirely inconsistent with appellee's construction of a reservation of the basement, which is not even supported by the evidence. Such contention is based simply upon the fact that in describing the conveyed premises as above stated the lease did not expressly convey the basement and heating plant. In view of the

other provisions of the lease referred to, the intent to convey full possession and control of the entire building and the heating apparatus cannot be doubted, and that the parties so understood it may be inferred from the lessee's assumption of the duty to furnish heat as agreed to in the lease. After the execution of the lease to Mrs. McIntosh, Bornholdt paid the rent under his lease to her, and she furnished the coal, paid the janitor and operated the building and the demand of Bornholdt for more heat was made of Mrs. McIntosh.

There being no evidence tending to show retention by Butler of any control of the building or any part thereof, authorities cited by appellee, where the lessor kept control of part of the leased premises common to the use of all tenants, have no application to the facts of this case. On this state of facts the relation of landlord and tenant between Bornholdt and Butler ceased. Hence the only duty the latter owed the former was a contractual one.

Whatever liability may arise from breach of the contract, the breach did not constitute a tortious act, as contemplated by the death statute. Discussing the right of action under such a statute it is said in Corpus Juris, vol. 17, p. 1199, that:

"The act for which an action is given is commonly described in the statutes as a wrongful act, neglect or default, which would have entitled the person injured to have maintained an action if death had not ensued. * * * Any act *other than a mere breach of contract* which violates a duty owed to decedent is a wrongful act within the meaning of the statute."

Further on in the article it is said:

"A mere breach of contract is not a wrongful or negligent act within the meaning of the statute and will not support an action for death; the statute has reference only to tortious acts. Of course, there are cases where a legal duty arises out of a contract relation, and for breach of which an action in tort will lie." Id. sec. 54, p. 1204.

It cannot, however, be successfully urged that there was any legal duty on the part of Butler to furnish heat to Bornholdt. As landlord he was under no such duty because of the relationship. His duty rested entirely in the contract both while and after that relationship existed. Certainly after that relationship ceased, to which no such general duty attached, he was under no other duty than to keep his promise, and his only liability, therefore, was for breach of contract.

Many cases are cited under the last paragraph quoted from Corpus Juris, and many of them are argued in the briefs. These and others are also referred to and discussed in notes in 11 L. R. A. (N. S.) 504, 34 L. R. A. (N. S.) 804, and 8 A. L. R. 765. It is true that these cases in the main involve the liability of a landlord to his tenant, or one in privity with the latter, for damages for personal injuries based on the landlord's breach of his covenant to repair. But as said in *Dancy v. Walz,* 98 N. Y. Supp. 407, in a similar case: "there is no distinction in principle between a covenant to repair and one to keep the premises heated in respect of the right of recovery of damages such as are asserted in this action." (Citing cases.)

The note to 8 A. L. R. 765 gives the subject exhaustive treatment classifying cases to the year 1920 under "the majority rule" and "the minority rule." It would unnecessarily extend this opinion to discuss and distinguish these cases, or to quote extensively from them. Suffice it to say that it is recognized by the "majority rule," which seems to be supported by the greater weight of authority and number of cases, that the general rule to the effect that the landlord, in the absence of concealment and fraud as to some defect in the premises, is under no obligation to repair the demised premises, is not affected by his covenant to repair, so far as concerns his liability for personal injuries to the lessee due to

defects in the premises leased for a private purpose, and that the lessee's remedy is for breach of contract. As stated in the note to 11 L. R. A. (N. S.) 504, "Whether the action be for breach of contract, or covenant, or in tort, the great weight of authority holds that the landlord is not liable to the tenant for injuries received by him through any defect in the premises." The theory is that such damages are too remote to be recovered even for breach of contract, and not within the contemplation of the parties at the time the contract was made.

Recognizing this principle in Jones' Landlord and Tenant, sec. 592, it is said:

"It may be said as a general rule that a landlord who has covenanted to repair is not liable in tort for personal injuries resulting from the want of repair. * * * There must be something more than a mere failure on the part of the landlord to make the repairs he has agreed to make. It makes no difference whether the form of the action is *ex delicto* or *ex contractu*, the real and substantial *gravamen* of the complaint is the alleged breach of contract, and in such a case the same law is applicable to both classes of action."

Many cases may be cited in support of this doctrine but we refer to only a few of the leading ones supporting the "majority rule." *Dancy v. Walz*, 98 N. Y. Supp. 407; *Davis v. Smith*, 26 R. I. 129; *Dice's Adm'r v. Sweigart's Adm'r*, 161 Ky. 646; *Thompson v. Clemens*, 96 Md. 196; *Hamilton v. Feary*, 8 Ind. App. 615, 35 N. E. 48; 140 Ind. 45, 39 N. E. 516; *Hanson v. Cruse*, 155 Ind. 176; *Tuttle v. Gilbert Mfg. Co.*, 145 Mass. 169; *Kohnle v. Paxton*, 268 Mo. 463; *Dustin v. Curtis*, 74 N. H. 266. In most of these cases the suit was against the lessor, who was still landlord and had not assigned his reversion.

The principle is so well stated in the last cited case, we quote:

"It may be stated as a principle of law that, where the only relation between the parties is contractual,

the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of the relationship or because of the negligent manner in which some act which the contract provides for is done; and that the mere violation of a contract, where there is no general duty, is not the basis of such an action. This being so, and the relation between the parties to this suit being that of landlord and tenant, and it having been decided in *Towne v. Thompson*, 68 N. H. 317, that no duty is imposed by law upon a landlord to make repairs upon leased premises for the benefit of his tenant or a member of the tenant's family, it follows that the present action cannot be maintained because of the mere failure of the defendant to keep her agreement to repair.''

Appellee cites authorities *contra,* supporting the minority rule, notably from the States of Minnesota and Wisconsin. The principal case cited from the former State, while sustaining the cause of action against the grantee of the reversion, held as to the original lessor that after conveyance of the reversion its obligations were those of a personal contract, and involved no duty of control over the premises. (*Glidden v. Second Ave. Investment Co.*, 125 Minn. 471 [6 N. C. C. A. 743].) It therefore sustains appellant upon the present state of facts.

Appellee also relies upon *Sontag v. O'Hara*, 73 Ill. App. 432, and *Schwandt v. Metzger Linseed Oil Co.*, 93 Ill. App. 365. These cases were distinguished in *Cromwell v. Allen*, 151 Ill. App. 404, which was quoted with approval in *Oppenheimer v. Szulerecki*, 297 Ill. 81, and followed in *Mikusz v. Kahn*, 207 Ill. App. 258. In the *Cromwell* case, Mr. Justice Duncan, writing the opinion, recognizes that the weight of authority supports the principles already stated against recovery for damages for personal injury, predicated upon the lessor-landlord's breach of a covenant to repair. Some *dictum* to the contrary in ear-

lier cases of the Appellate Court, relied on by appellee, cannot be accepted as stating the law.

It follows that if there was no right of action in Bornholdt there was none under the statute, in the administrator of his estate.

As there can be no recovery at law upon the uncontroverted and controlling facts of the case, the court erred both in not granting defendant's motion for a directed verdict and in not arresting judgment.

Accordingly the judgment will be reversed.

*Reversed.*

GRIDLEY and FITCH, JJ., concur.