**Gregory Wagner, Minor, by John Wagner, Father and and Next Friend, Appellee, v. John F. Kepler, Appellant.**

**Gen. No. 45,113.**

Opinion filed December 4, 1950. Released for publication December 19, 1950.

SAMUEL LEVIN, of Chicago, for appellant.

HARRY TUENE and DELMAR J. HILL, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This is an action for personal injuries to plaintiff, a minor, and from a verdict and judgment for $5,000 in favor of plaintiff, defendant appeals.

Defendant was the owner of the building involved in the accident, consisting of two flats, the lower flat having a separate entrance and staircase, the upper flat likewise having a separate entrance and staircase not in common use by other tenants. The staircase to the second floor had seven steps leading to a landing approximately four feet square at the head of the stairway, which adjoined the rear entrance to the upper flat. The staircase and landing had a railing, and it is alleged that the railing on the landing was in a defective and dangerous condition at the time defendant leased the premises to the tenant in possession of the upper flat.

Plaintiff, a minor, three and one-half years old, living in the lower flat, and other children were playing upon this landing. The rail on the landing broke, due to a defective condition, and plaintiff fell to the ground, a distance of approximately six feet.

The tenant in possession of the upper flat at the time of the accident moved in October 1, 1944, on a month to month tenancy. The accident occurred July 15, 1945.

It was the theory of the plaintiff below as well as here, and adopted by the trial judge, that a month to month tenancy is in contemplation of law a new demise at the beginning of each month; that if the de-

fective and dangerous condition existed at the beginning of the month in which the accident happened, then the owner is deemed to have leased the premises with the dangerous condition then existing; and that there is sufficient evidence in the record to show that the alleged dangerous condition existed on the first of July 1945, the month in which the accident happened. The instructions to the jury followed this theory.

If plaintiff's theory of the law is incorrect, then, admittedly, the court erroneously instructed the jury, and defendant would not be liable for this injury unless it is shown that at the time of the letting to the tenant in possession October 1, 1944, the dangerous condition existed. A close study of the evidence in the record fails to disclose any evidence, even slight, that the claimed dangerous condition of the railing existed at the time of the leasing, October 1, 1944, to the tenant in possession.

Upon the hearing of the motion for judgment notwithstanding the verdict and, in the alternative, for a new trial, the trial judge stated that the testimony is undisputed that the occupancy of the people upstairs started in October 1944, and that they were in continuous possession, and that there is a total failure of proof that the dangerous condition existed at the time of the original letting; that in accordance with the instructions given to the jury, the tenancy could be considered on a basis of a new letting each month and, therefore, the condition existed on the first of the month in which the accident occurred.

██ We cannot agree with the trial court's interpretation of the month to month tenancy.

In *Soibel v. Oconto Co.*, 299 Ill. App. 518, this court said (p. 523):

"Plaintiff further contends that since Custer's tenancy was from month to month his last tenancy 'com-

menced on October 1st and plaintiff was injured on the 5th' and therefore the jury was warranted in finding the floor was defective at the beginning of this tenancy. We do not agree with this contention. While the tenancy was by the month 'it does not follow that each month of occupancy created a new demise. Such a tenancy is not a reletting at the beginning of each recurring month . . . .' " (Citing *Hall v. Sherrod,* 97 Ill. App. 298, and *Strong v. Stoodvoisky,* 141 Ill. App. 183.) *Brazowski v. Chicago Title & Trust Co.,* 280 Ill. App. 293–306.

Plaintiff relies upon *Donk Bros. Coal & Coke Co. v. Leavitt,* 109 Ill. App. 385, wherein is found this statement:

"He being . . . a tenant from month to month, there was in contemplation of law a new letting at the beginning of every month, even though the origin of the tenancy commenced months back."

The quoted statement was wholly unnecessary to the conclusion reached. There the court made it clear that the dangerous condition, treated as an attractive nuisance, existed at the time of its construction and at the very beginning of the leasing to the tenant in possession, which continued throughout until the time of the accident. The factual situation is entirely different from that in the instant case. Other cases cited by plaintiff, where the owner of the property was held liable, likewise disclose that the dangerous condition existed at the beginning of the leasing and was known by the landlord or, in the exercise of reasonable care, should have been known by him.

There being no evidence of the alleged dangerous condition existing at the time of the letting to the tenant in possession in the instant case, and the stairway and landing in question being in the posses-

sion of the tenant of the upper flat and not the defendant, it necessarily follows that plaintiff cannot recover. *Woods v. Lawndale Theater Corp., Inc.,* 302 Ill. App. 570–585.

The judgment of the circuit court must be reversed.

*Reversed.*

NIEMEYER, P. J., and TUOHY, J., concur.