Marie Page and Mack V. Page, Appellees, v. Sam Ginsberg, Appellant.

Gen. No. 45,382.

Opinion filed November 21, 1951. Released for publication December 6, 1951.

HUBBARD, HUBBARD & DORGAN, of Chicago, for appellant.

MATTHEW STEINBERG, and FRED POLACEK, both of Chicago, for appellees; ABRAHAM MILLER, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiffs, husband and wife, brought this action for personal injuries to the wife, and the husband for loss of her services, resulting from alleged negligence of defendant in failing to repair a dangerous condition of a staircase in the premises owned by defendant and used by plaintiffs as tenants in said building. The jury returned a verdict for $5,000 in favor of the wife and $1 for the husband. The jury also answered certain interrogatories in the affirmative. Judgments were entered upon said verdicts, from which defendant appeals.

Defendant owned a two-story building in the City of Chicago, the lower floor being occupied by a barbershop and the upper floor, a small apartment, which was rented to plaintiffs for $9 a month. The only ingress to and egress from the apartment was by means of a wooden staircase of about twelve steps, to a landing adjoining the entrance to the apartment. The staircase was used only by the plaintiffs and not by the other tenant.

There is a sharp conflict in the evidence as to whether defendant or the occupant of the barbershop, who claims to have had the key and was authorized to

show the apartment to plaintiffs, rented it to them. The barber claims he rented it in the latter part of April, and plaintiffs moved in on the Sunday following, May 1, 1946. On the other hand, plaintiff husband testified that it was in March he inquired about the apartment and met defendant on the premises; that defendant showed him the apartment; that defendant told him the flat had been renting for $9 a month, but that he no longer could afford to rent it for that price and wanted $300 to put in necessary repairs on the inside and outside of the apartment; that he told defendant he did not have that much money with him, that he would have to borrow it; that the next afternoon, in the latter part of March, 1946, he gave defendant $125; that defendant then promised to fix the staircase leading to the apartment in question and admitted to plaintiff that the staircase needed repairs, and that the staircase was shaky and resting against the brick wall of the building.

Plaintiff further testified that a month later some janitor employed by defendant drove some nails into the wooden stairs; that defendant continued to promise to repair the staircase; that he moved in about April 1st; that defendant made no repairs inside or outside of the apartment or to the staircase in question; that some time later plaintiff again saw defendant; that defendant demanded the rest of the money, and he gave him $90, which made a total of $215 he had given defendant; that he had no receipt from defendant for either payment; and that at the time the $90 payment was made, defendant promised to put the staircase in good repair.

Plaintiff wife testified she was present when the $90 was paid; that she called his attention to the wobbly condition of the staircase; that some of the boards were loose; that he then promised to repair the staircase; that nothing was done by defendant in the way

70

of repairs up to the time of the accident to plaintiff wife on April 26, 1947. She was walking down the staircase on her way to do some shopping, when one of the boards gave way. She fell and sustained injuries. She was then in a pregnant condition. The extent of her injuries will not be discussed, since no point is made that the verdicts are excessive.

Defendant contends that the staircase being under the control of the tenant, defendant is not liable for failure to maintain the staircase in a good state of repair (*Wagner v. Kepler*, 342 Ill. App. 136, and cases there cited); and that even if defendant covenanted to repair the premises, he would not be liable for injuries for breach of said covenant unless it appears that defendant knew at the time of the leasing of the defective and dangerous condition and could reasonably foresee that an accident might occur and cause injuries (*Wagner v. Kepler, supra; Mikusz v. Kahn,* 207 Ill. App. 258; *Crawford v. Orner & Shayne, Inc.,* 331 Ill. App. 568). The cases cited to support defendant's contention are not applicable.

In *Cromwell v. Allen,* 151 Ill. App. 404, relied upon by defendant, it was said:

"There must be something more than a mere failure on the part of the landlord to make the repairs he had agreed to make. It makes no difference whether the form of the action is *ex delicto* or *ex contractu,* the real and substantial *gravamen* of the complaint is the alleged breach of contract, and in such a case the same law is applicable to both classes of action. A landlord, under contract to repair, may, under some circumstances, be liable for damages for personal injuries by reason of a negligent failure to make repairs; but in such case his negligence must be firmly established as a basis for the liability."

The *Crawford* case adopted the reasoning of the *Cromwell* case and held further that if the promise

to make the repair was after the making of the lease and the delivery of possession, with no other consideration, the promise would be a *nudum pactum*. These cases are distinguishable on the facts. In the instant case, the owner, for a specific consideration separate and apart from the obligation of the tenant to pay rent, agreed to make the specific repairs to the staircase. in question. The jury had a right to believe the evidence of plaintiffs that defendant observed the shaky condition of the staircase; that some of the boards were loose, and by his promise to make the repairs he impliedly admitted that they needed such repairs. He exacted $215 from the plaintiffs for that purpose. The jury had a right to conclude that defendant, in recognizing that the staircase needed such repairs and was in a dangerous condition, could reasonably foresee that an accident could follow and injuries result. A breach of the specific agreement to repair the staircase for a special consideration creates such special circumstances referred to in the *Cromwell* and *Mikusz* cases, *supra,* as would make the landlord liable. The failure to make the repairs was the proximate cause of the accident and the injuries resulting therefrom.

Defendant denied that he made any such agreement to repair and that he received $215 or any other sum in consideration of his promise to repair, thus creating a sharp conflict in the evidence and making it the special province of the jury to determine the credibility of the witnesses. The jury answered the following interrogatories in the affirmative: Was there an agreement between the defendant and the plaintiff, Mack Page, to repair the premises in question? If there was an agreement to repair the premises, was this agreement made before plaintiff took possession of the premises in question?

72

■ We should not interfere with the conclusion of the jury unless we are convinced the verdicts are against the manifest weight of the evidence. Upon this state of the record we think the verdicts are amply supported by the evidence.

We find no merit in the complaint made as to some of the instructions given for plaintiffs and those refused for defendant.

We think substantial justice has been done in the instant case, and the judgments are affirmed.

*Affirmed.*

KILEY, P. J. and LEWE, J., concur.